**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 21 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SURINDER SIGNH,<br><br>                    Petitioner,<br><br>     v.<br><br>ERIC H. HOLDER, JR., Attorney General<br><br>                    Respondent. | No. 07-72100<br><br>Agency  No. A70-624-300<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the Board of Immigration Appeals

Submitted October 13, 2011[**]
Pasadena, California

Before: GOODWIN and WARDLAW, Circuit Judges, and SESSIONS, District Judge.[***]

     Surinder Singh petitions for review of a Board of Immigration Appeals

("BIA") final order in removal proceedings, affirming immigration judge (IJ)

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

     [***]     The Honorable William K. Sessions III, District Judge for the U.S. District Court for the District of Vermont, sitting by designation.

decisions denying his applications for asylum, withholding of removal, and relief from removal under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition.

We review the BIA's decision to grant or deny CAT relief, asylum, or withholding of removal for "substantial evidence." *Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010); *Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir. 1996). We review BIA legal determinations de novo, granting the Board's view deference unless "that interpretation is contrary to the plain and sensible meaning of the statute." *Almaghzar v. Gonzales*, 457 F.3d 915, 920 (9th Cir. 2006) (internal citation omitted). When the BIA summarily affirms IJ opinions, as it did here, we review the IJ decision as the final agency action. *Pagayon v. Holder*, 642 F.3d 1226, 1232 (9th Cir. 2011).

Singh raises four central issues in his petition. First, he challenges the BIA's denial of his CAT claim on its merits and as failing to comply with the evidentiary standards set out in *Kamalthas v. INS*, 251 F.3d 1279 (9th Cir. 2001). An IJ must consider "all evidence relevant to the possibility of future torture" when evaluating a CAT claim. *Id.* at 1282 (citing 8 CFR § 208.16(c)(2), (3)) (emphasis removed from original). If found credible, the applicant's testimony may by itself sustain her burden of proof. 8 C.F.R. § 208.16(c)(2). In addition, country conditions

alone can "play a decisive role in granting relief" in spite of incredible applicant testimony. *Kamalthas*, 251 F.3d at 1280.

In 2004, the BIA remanded Singh's case for a new hearing to ensure it complied with *Kamalthas*. At the hearing, Singh presented extensive witness testimony, but the IJ found much of that evidence inconsistent, and overall insufficient, to establish the grounds for relief under CAT. On review of the extensive record in this case, we believe that decision was supported by substantial evidence.

Second, Singh contends the BIA wrongfully affirmed a 2004 IJ decision denying him asylum and withholding of removal. That decision was also amply supported by the record. The BIA affirmed the IJ's finding that Singh's testimony, the principal evidence advanced in favor of his claims, was not credible. The inconsistencies in Singh's account provided a substantial basis in the record for the IJ to make that determination, and the BIA's decision should not be overturned.

Third, he argues that he is qualified to adjust status to become a U.S. permanent resident and thus may not be removed. The BIA affirmed the IJ's finding that Singh was ineligible to adjust status to become a permanent resident. To adjust, an applicant must be "admissible" to the United States. 8 U.S.C. § 1255(a). Singh faces three bars to admission, two of which he conceded during the course of his immigration court proceedings. The one contested bar was for fraud

or misrepresentation of a material fact pursuant to 8 U.S.C. § 1182(a)(6)(C)(I) arising from Singh's failed attempt to enter the United States in 2003 using a false advance parole document. On that bar, he failed to show that he, as an "arriving alien," 8 C.F.R. § 1.1(q), is "clearly and beyond a doubt entitled to be admitted to the United States and not inadmissible as charged," 8 C.F.R. § 1240.8(b). Singh further conceded he is not eligible for a waiver under 8 U.S.C. § 1182(I). As such, he is inadmissible and the BIA did not err in affirming the IJ's finding that he could not adjust status.

Finally, Singh argues the proceedings below violated his due process right to a fair hearing on his claims. *See Zahedi v. INS*, 222 F.3d 1157, 1164 n.6 (9th Cir. 2000). But Singh has failed to meet the substantial burden required to overturn an immigration proceeding on due process grounds. *See Ladha v.INS*, 215 F.3d 889, 903-04 (9th Cir. 2000), *overruled on other grounds by Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009). He failed to allege that he was wrongfully prevented, in the lengthy course of his removal proceedings, from calling any witness, presenting any testimony, or admitting any piece of evidence. He also fails to show bias against him by any IJ who reviewed his case or the BIA.

**PETITION DENIED.**